IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN TORRES, #M12747, | |
| Plaintiff, | Case No. 24-cv-01680-SPM |
| v. | |
| L HANNA, and ANTHONY WILLS, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was severed from *Torres v. McLanahan, et al.,* No. 24-cv-01455-MAB, on July 8, 2024, and is limited to an Eighth Amendment claim against Defendants Hanna and Wills for failing to honor Plaintiff's documented food allergy and continuing to serve him seafood (Count 3). (Doc. 1). Plaintiff's claim is now before the Court for preliminary review. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff asserts that he is allergic to seafood, which has been documented by physicians. (Doc. 2, p. 52). On October 8, 2023, he unknowingly ate tuna salad. (*Id.* at p. 51). After eating the

tuna, his feet started to swell, and his eyes became puffy. Plaintiff felt sharp pains through his entire body. (*Id.*). Plaintiff requested to be seen by medical staff, but his request was denied. (*Id.* at p. 52).

Prior to this incident on October 8, 2023, Plaintiff asserts that he has been served seafood on numerous occasions, at least ten times. The dietary manager, L. Hanna, knows that Plaintiff is allergic to seafood but continues to disregard the orders issued by the physician. Plaintiff has complained to Warden Anthony Wills, but Wills has ignored Plaintiff's requests. (*Id.*).

## DISCUSSION

Based on the allegations in the Complaint, the Court *redesignates* the claim as follows:

**Count 1:** Eighth Amendment deliberate indifference claim against L. Hanna and Anthony Wills for failing to honor Plaintiff's documented allergy and continuing to serve him seafood.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

At this point, Plaintiff has sufficiently stated a claim against Hanna and Wills for disregarding orders issued by a physician regarding Plaintiff's seafood allergy and continuing to serve him seafood making him ill.

## DISPOSITION

For the reasons stated above, the Complaint, as limited by the severance order at Document 1, survives preliminary review pursuant to Section 1915A. Plaintiff shall proceed with Count 1 against Hanna and Wills. The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified

---

[1] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Hanna and Wills the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint (Doc. 2) and this Memorandum and Order to Defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 19, 2024**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.